# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JILL OTIS,

    Plaintiff,

  v.                                       Case No. 21-CV-955-SCD

**LORI STALEY** and
**LISA MANSKE,**

    Defendants.

## REPORT AND RECOMMENDATION TO DISMISS AMENDED COMPLAINT

On August 30, 2021, Jill Otis filed a *pro se* amended complaint against Lori Staley and Lisa Manske for their roles in terminating her Section 8 Housing benefits. ECF No. 5. Otis' amended complaint comes after I screened and dismissed her original complaint with leave to amend. ECF No. 4. Having considered the amended complaint, I conclude that it also fails to state a plausible claim upon which relief may be granted. For the reasons below, I will recommend dismissal of Otis' amended complaint, ECF No. 5, and denial of the motion to proceed *in forma pauperis*, ECF No. 2.

Any court of the United States may authorize a litigant to proceed in an action without prepaying fees if two conditions are met: (1) the litigant is unable to pay the costs of commencing the action; and (2) the action is not frivolous nor malicious, does not fail to state a claim on which relief may be granted, and does not seek monetary relief against a defendant that is immune from such relief. 28 U.S.C. §§ 1915(a) and (e)(2).

Here, there is little dispute that the plaintiff is unable to pay the filing fee. However, regardless of a litigant's ability to pay, a plaintiff must file a legally sufficient complaint that

properly asserts a claim upon which relief can be granted. The standards for deciding whether to dismiss an action for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). Thus, to survive, the amended complaint must cure the defects of the original complaint by alleging enough "[f]actual allegations . . . to raise a right to relief above the speculative level*." Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint need not contain "detailed factual allegations," a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In dismissing the original complaint (with leave to amend), I concluded that Otis failed to allege enough facts to show she was denied due process in her voucher termination hearing. ECF No. 4 at 5-6. The complaint consisted of a single handwritten piece of paper with a letter from Defendant Manske attached to it. ECF No. 1. The complaint on its own does not state a claim; instead, I relied upon the plaintiff's handwritten notes on Manske's letter to discern that the plaintiff was attempting to assert a kind of due process complaint regarding the termination of her housing benefits. Manske, a compliance specialist with the Wisconsin Housing and Economic Development Authority, had been the hearing officer at an informal hearing addressing the plaintiff's termination from the Housing Choice Voucher program. Manske's letter explained her conclusion that Otis had engaged in criminal activity that threatened other residents. Specifically, in an incident reported by an employee of the apartment complex, Otis had threatened to beat up one of her neighbors. Another neighbor (or possibly the same one) reported feeling unsafe after Otis used "vulgar language in front of her grandchildren and accus[ed] her of breaking into [her] garage." ECF No. 1-1 at 2. Finally,

2

Manske also cited a disorderly conduct citation the police issued to Otis for threatening the life of one of her neighbors. ECF No. 1-1 at 2. Otis' handwritten comments indicate that she thinks some of these charges are "lies." Another comment protests that "no conviction" occurred for the disorderly conduct citation. *Id.*

Based on defendant Manske's letter, I concluded that it appeared Otis had received whatever process was due. Although it was clear that Otis disagreed with the result of her hearing, there was nothing suggestive of unfairness in the *process* Manske employed. In short, Otis had received notice and an opportunity to be heard by a neutral officer.

Otis' amended complaint fails for the same reason. The amended complaint contains three relevant factual allegations, but none cures the defects of the original complaint. First, Otis alleges that her benefits were terminated for criminality despite the absence of an underlying conviction. ECF No. 5 at 1. Second, Otis alleges "we need all parties by law" at the hearing. *Id.* at 2. Third, Otis alleges that the only evidence presented against her was "'he say' 'she say.'" *Id.* at 1. Otis' allegations suggest a belief that a conviction is a prerequisite to housing-benefit termination for criminality, that she had a right to confront her accusers at her hearing, and a right to not have hearsay evidence used against her. *See id.* However, housing benefits may be terminated for criminality without a conviction, and neither the right to confront accusers, nor the right to be free from hearsay evidence exist in administrative hearings to terminate housing benefits. 24 C.F.R. § 982.553(c) ("The [public housing authority] may terminate assistance for criminal activity by a household member . . . based on a preponderance of the evidence . . . regardless of whether the household member has been arrested or convicted of such activity"); 24 C.F.R. § 982.555(e) ("Evidence may be considered without regard to admissibility under the rules of evidence applicable to judicial

3

proceedings."). Thus, Otis' allegations of procedural flaws, even taken as true, are not due process violations and cannot support a plausible claim for relief. Based on her amended complaint, Otis received due process of law, notwithstanding the tribunal's adverse decision. The amended complaint therefore fails to state a claim upon which relief may be granted.

## CONCLUSION

This action should be randomly reassigned to a district judge for consideration of this recommendation. It is recommended that Otis' amended complaint, ECF No. 5, be **DISMISSED** with prejudice and her motion to proceed without prepayment of the filing fee, ECF No. 2, be **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this <u>1st</u> day of September, 2021.

_____
STEPHEN C. DRIES
United States Magistrate Judge